UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MICHAEL THOMAS,

    Plaintiff,

vs.

CHEF TEACH HOUSE OF MAC LLC, a Florida
Limited Liability Company and WORLD FAMOUS HOUSE
OF MAC LLC., a Florida Limited Liability Company

    Defendants.
_____/

## COMPLAINT

Plaintiff MICHAEL THOMAS, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant, CHEF TEACH HOUSE OF MAC LLC, a Florida Limited Liability Company, and WORLD FAMOUS HOUSE OF MAC LLC, a Florida Limited Liability Company, (collectively hereinafter "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages, unpaid overtime wages, and unlawful termination committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to

Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. Defendant CHEF TEACH HOUSE OF MAC LLC is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.

6. Defendant CHEF TEACH HOUSE OF MAC LLC had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida. CHEF TEACH HOUSE OF MAC LLC operates several restaurant locations throughout Florida. Specifically Plaintiff worked in the location at 2055 NW 2nd ave, Miami FL 33127 as a cook.

7. Defendant CHEF TEACH HOUSE OF MAC LLC is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, CHEF TEACH HOUSE OF MAC LLC, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

9. At all times material to this Complaint, CHEF TEACH HOUSE OF MAC LLC, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant WORLD FAMOUS HOUSE OF MAC LLC is a Florida limited liability company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.

11. Defendant WORLD FAMOUS HOUSE OF MAC LLC had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida. WORLD FAMOUS HOUSE OF MAC LLC operates several restaurant locations throughout Florida.  Plaintiff worked in the location at  2055 NW 2nd ave, Miami FL 33127 as a cook.

12. Defendant WORLD FAMOUS HOUSE OF MAC LLC is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that  has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material to this Complaint, WORLD FAMOUS HOUSE OF MAC LLC, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

14. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through

individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce.

15. At all material times hereto, Defendants were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d) in that were both WORLD FAMOUS HOUSE OF MAC LLC and CHEF TEACH HOUSE OF MAC LLC were doing business as THE HOUSE OF MAC and both restaurants performed the same jobs, under the same managements, offering the same services to the customers, and with the same principal location.

16. Defendants WORLD FAMOUS HOUSE OF MAC LLC and CHEF TEACH HOUSE OF MAC LLC upon knowledge and belief, separately and/or in combination have had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

17. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a cook. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

18. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

19. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

20. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

21. Specifically, Plaintiff performed work for Defendants as line cook from on or about July 2019 until on or about October 2019.

22. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

23. Based on the information currently available to Plaintiff, Plaintiff was paid an average rate of $13.50 per hour.

24. Plaintiff regularly worked 40 - 50 hours per week. He was normally scheduled five (5) to six (6) days per week.

25. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

26. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

27. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

28. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

29. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### VIOLATION OF FLSA/OVERTIME
### against WORLD FAMOUS HOUSE OF MAC LLC

31. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

32. This action is brought by Plaintiff to recover from WORLD FAMOUS HOUSE OF MAC LLC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Since the commencement of Plaintiff's employment WORLD FAMOUS HOUSE OF MAC LLC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

34. Specifically, throughout his employment Plaintiff regularly worked between 40 - 50 hours during each workweek in which he was employed.

35. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. WORLD FAMOUS HOUSE OF MAC LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

37. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

38. WORLD FAMOUS HOUSE OF MAC LLC knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

39. By reason of the said intentional, willful, and unlawful acts of Defendant WORLD FAMOUS HOUSE OF MAC LLC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. WORLD FAMOUS HOUSE OF MAC LLC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result of WORLD FAMOUS HOUSE OF MAC LLC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant WORLD FAMOUS HOUSE OF MAC LLC:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME**
**against CHEF TEACH HOUSE OF MAC LLC**

43. Plaintiff, re-alleges and reaffirms paragraphs 1 through 30 as if fully set forth herein.

44. This action is brought by Plaintiff to recover from CHEF TEACH HOUSE OF MAC LLC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. Since the commencement of Plaintiff's employment CHEF TEACH HOUSE OF MAC LLC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without

compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

46. Specifically, throughout his employment Plaintiff regularly worked between 40 - 50 hours during each workweek in which he was employed.

47. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

48. CHEF TEACH HOUSE OF MAC LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

49. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

50. CHEF TEACH HOUSE OF MAC LLC knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

51. By reason of the said intentional, willful, and unlawful acts of Defendant CHEF TEACH HOUSE OF MAC LLC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

52. CHEF TEACH HOUSE OF MAC LLC never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

53. As a result of CHEF TEACH HOUSE OF MAC LLC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

54. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant CHEF TEACH HOUSE OF MAC LLC

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, MICHEAL THOMAS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: September 15, 2021          **PEREGONZA THE ATTORNEYS, PLLC**

                                                  1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com